UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

v. 18 CR 537 (SHS)

JOHN TORTORA,

Defendant.

------------------------------x

New York, N.Y.
September 28, 2018
12:05 p.m.

Before:

HON. SIDNEY H. STEIN,

District Judge

APPEARANCES

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
JESSICA LONERGAN
Assistant United States Attorney

LAW OFFICES OF MURRAY RICHMAN
Attorneys for Defendant
MURRAY RICHMAN
RICHARD LEVITT

(Case called)

MS. LONERGAN: For the government, Jessica Lonergan. Good afternoon, your Honor.

THE COURT: Good afternoon.

MR. RICHMAN: Good afternoon, your Honor, Murray Richman for the defendant, together with Richard Levitt joining our team working on this case.

THE COURT: He hasn't filed a notice of appearing yet, to my knowledge, sir, so if you're part of this --

MR. LEVITT: Yes, that's correct, we'll be filing electrically as soon as we get back to the office.

THE COURT: Fine.

MR. LEVITT: Thank you.

THE COURT: And I note that the defendant is present. Please be seated in the courtroom.

I have in front of me a letter from the government dated September 21 as well as -- let's see, two letters from Mr. Richmond dated September 25, the later filed one, as well as a draft protective order. There seems to be a dispute over the terms of terms of protective order. What would the parties like to tell me?

MS. LONERGAN: Your Honor, I think we used the time efficiently and we have been able to confer about the protective order, and I believe that we now have revised language. I handed to your deputy a revised protective order.

We're actually going to revise it slightly further, but let me point out to the Court what we changed and what the further change would be, and then I think the parties are in agreement.

So on page 2, paragraph 2(b) is the changed language. It's about how --

THE COURT: Let me read 2(b).

MS. LONERGAN: Thank you, your Honor.

(Pause)

THE COURT: Yes, ma'am, go ahead.

MS. LONERGAN: The change that we are going to make, it says right now --

THE COURT: The change to this change?

MS. LONERGAN: The change to the change, yes, your Honor.

So right now it says: Shall not be possessed by the defendant in hard copy, except under the supervision of his counsel or a paralegal, but may be reviewed by the defendant in additional form in the law library of federal correctional facilities. And we're going to add: Or in other locations designated or approved by the Bureau of Prisons, except not for housing areas.

And that's just to allow sometimes -- I was speaking with counsel, they said sometimes there aren't enough computers in the law library and so the Bureau of Prisons will designate another private location, which is really the key for the

government is that we don't want him to have access even to the digital confidential material in a housing unit. But defense counsel said they had prior experience with the Bureau of Prisons setting up a private room in which defense counsel can look at digital discovery, because it seems there aren't enough computers. Given the number of defendants who have to look at digital discovery, there may not be enough computers in the law library.

THE COURT: "So may be reviewed by the defendant in a digital form," I take it what that means is anything that's viewed on a computer, is that correct?

MS. LONERGAN: That's right.

THE COURT: Emails, disks, things of that nature.

MS. LONERGAN: Correct. And we're not anticipating providing anything in hard copy. So really what would happen is there would be a disk that would be in the possession of the law librarian, we'll have the defendant's name on it, he would go and be able to basically check it out and look at it in the law library, or should the Bureau of Prisons designate another secure location for him to look at it, but he can't print any pages and bring them back to his cell.

THE COURT: But I presume he's able to show -- display that digital information to other inmates.

MS. LONERGAN: Yes, your Honor, although he himself is bound by the protective order. He has signed it. And there

are lots of restrictions in the protective order as to what he's allowed to do. So he's not supposed to be showing it to anyone except for the individuals -- the types of individuals listed in the protective order who we have designated as designated persons, and miscellaneous inmates would not qualify under the individuals who are allowed to review the discovery.

We think that the amendment, as discussed with defense counsel, strikes the appropriate balance between the defendant being able to adequately participate in his own defense, and the serious safety and other privacy concerns articulated by the government in its initial letter on the protective order to the Court. The government thinks that this strikes a fair balance and will protect all of the parties' interests here.

THE COURT: If the parties agree, I'm certainly inclined to sign off on it. I would want the parties to add the change to the change and sign it, and then you'll give it to me on the bench and I'll read it once through. And as I say, if the parties have signed off on it, I would be inclined to put my imprimatur on it.

MR. RICHMAN: Respectfully, your Honor, we're going to attempt to see if this works. It's our intention to comply, and we worked this out between us, but in the event that it doesn't work, we want the right to be able to come back before you and say to reconsider this. That's all I ask.

THE COURT: Protective orders are always subject to

reconsideration.

MR. RICHMAN: Thank you, your Honor.

MS. LONERGAN: One moment, your Honor, if I may confer with defense counsel on the wording?

THE COURT: Yes.

(Pause)

MS. LONERGAN: Your Honor, if I may approach.

THE COURT: Yes. I see the addition and the copy that I have here has been signed.

Mr. Richman, I take it that's your signature, sir?

MR. RICHMAN: Yes, sir, sorry.

THE COURT: And Ms. Lonergan's signature.

And Mr. Tortora, I take it that's your signature, sir?

THE DEFENDANT: Yes.

THE COURT: And I am going to sign it.

I have signed it, and my deputy will have it entered.

Is there anything else? I see we have a pretrial conference November 1, at 2:30 p.m. for status. Time is excluded until November 1. Both of those were entered on or about August 10, our initial pretrial conference.

Anything else I can do?

MR. RICHMAN: Just to apprise the Court, if you recall when we last appeared before you about five weeks ago we were concerned about getting the material with respect to the homicide portion of this case. Because of this particular

issue, it's been held back. I have been informed that the prosecution will have that material to me by Wednesday of next week.

THE COURT: Wonderful.

Anything else, government?

MS. LONERGAN: No, your Honor. That's all from the government.

THE COURT: Thank you all.

MR. RICHMAN: Thank you, Judge.

(Adjourned)